**Order entered March 12, 2018**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-00757-CR

### MIGUEL GUERRERO REYES, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F16-53482-V**

## ORDER

Appellant was convicted of indecency with a child. On March 5, 2018, appellate counsel filed an *Anders* brief along with a motion to withdraw as appellate counsel.

An attorney who files an *Anders* brief must write a letter to the client to notify the client of the motion to withdraw and the accompanying *Anders* brief, providing him with a copy of each. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). The letter must inform the appellant of (1) his right to file a pro se response and of his right to review the record preparatory to filing that response and (2) his pro se right to seek discretionary review should the court of appeals declare his appeal frivolous. *Id*. Finally, unless the attorney provides his client with a copy of the clerk's record and reporter's record, the letter must notify the client that should he wish to exercise his right to review the appellate record to file a response to the *Anders*

brief, he should immediately file a motion for pro se access to the appellate record with the court of appeals; the attorney should provide the appellant with a form motion for this purpose, lacking only the appellant's signature and the date, and inform the appellant that in order to effectuate his right to review the record, he must sign and date the motion and send it to the court of appeals. *See id.* at 319–20. It is not clear from appellate counsel's motion to withdraw or the *Anders* brief that counsel sent a copy of either document or provided any of the information mandated in *Kelly v. State* to appellant. In fact, although properly captioned, the motion names a different individual as the appellant in the first sentence. In light of this, we **STRIKE** the March 5, 2018 motion to withdraw as wholly inadequate.

Furthermore, in the *Anders* brief, the victim and other child witnesses are referred to by name. Accordingly, we **STRIKE** appellant's brief filed March 5, 2018.

We **ORDER** appellant to file, within **TEN DAYS** of the date of this order, an amended brief that identifies the victim and any child witness either generically (e.g., "complainant") or by initials only.

We also **ORDER** appellate counsel to file, within **TEN DAYS** of the date of this order, an amended motion to withdraw that verifies appellate counsel fully complied with the requirements of *Kelly v. State*.

We **DIRECT** the Clerk to send copies of this order to Tara Cunningham and the Dallas County District Attorney's Office.

/s/     CRAIG STODDART
         JUSTICE